IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FRANK PORTUNE, | No. C 06-06265 JW (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| SUSAN ORNOSKI, Warden, | |
| Respondent. | |

Petitioner, a prisoner at San Quentin State Prison, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Central District of California. The petition was subsequently transferred to this court. Petitioner challenges the Board of Prison Terms's ("BPT") finding, in 2005, that he was unsuitable for parole. Petitioner has paid the filing fee.

**BACKGROUND**

In 1977, petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of San Bernardino, of first degree murder, first degree robbery and the use of a firearm. He was sentenced to a term of seven years to life in state prison. In 2005, the Board of Prison Terms ("BPT") found him to be unsuitable for parole for a thirteenth time. He challenged the BPT's decision by way

Order to Show Cause
G:\PRO-SE\SJ.JW\HC.06\Portune06265_osc.wpd

of habeas corpus petitions filed in all three levels of the California courts, which petitions were denied.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Federal courts have a duty to construe <u>pro se</u> petitions for a writ of habeas corpus liberally. <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001).

B. <u>Claims</u>

Petitioner claims (1) that the BPT's denial of parole violated his Fourteenth Amendment right to due process because the decision was not supported by any evidence having indicia of reliability; (2) that the BPT violated his First Amendment right to the free exercise of religion because the denial of parole was based on his failure to attend Narcotics Anonymous, a program that violates his religious beliefs; (3) that the BPT's practice of denying parole in nearly every case violates his right to due process; and (4) that he was convicted of a crime without due process. Liberally construed, petitioner's claims are cognizable. Accordingly, respondent is directed to SHOW CAUSE why the petition should not be granted.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk of the court shall serve by certified mail a copy of this order

Order to Show Cause
G:\PRO-SE\SJ.JW\HC.06\Portune06265_osc.wpd            2

and the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner at his most current address.

      2.     Respondent shall file with this court and serve upon petitioner, no later than **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent no later than **forty-five (45) days** of the date the answer is filed.  Should petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date the answer is filed.

      3.     Respondent may, within **ninety (60) days** of the issuance of this order, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition to the motion no later than **forty-five (45) days** after the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply no later than **fifteen (15) days** after any opposition is filed.

      4.     It is petitioner's responsibility to prosecute this case.  Petitioner must keep the court informed of any change of address by filing a separate paper with the clerk of the court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the court within the time allowed or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v.

Order to Show Cause
G:\PRO-SE\SJ.JW\HC.06\Portune06265_osc.wpd     3

1  Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

2      5.    Petitioner is reminded that all communications with the court, whether by way of formal legal motions or informal letters, must be served on respondent by mailing a true copy of the document to respondent's counsel.

DATED:   August 31, 2007                /s/ James Ware
JAMES WARE
United States District Judge